**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MUHAMMAD COLES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-03476 (BRM) (SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* prisoner Muhammad Coles's ("Plaintiff") civil rights complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1), and a second application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) (ECF No. 8). Plaintiff has also submitted an Amended Complaint (ECF No. 9), which the Court struck as premature pending a decision on Plaintiff's IFP application (ECF No. 10). Plaintiff's application to proceed IFP is **GRANTED**, and the Clerk's Office is directed to file the Complaint and the Amended Complaint.[1] Because Plaintiff's Amended Complaint supersedes the original, it now serves as the operative pleading in this case.

The Court must screen the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state

[1] Because service has not occurred, Plaintiff is entitled to amend the Complaint once as a matter of course without leave of court. *See* Fed. R. Civ. P. 15(a).

a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons set forth below, and for good cause appearing, the Amended Complaint is **DISMISSED** in its entirety.

## I. BACKGROUND

The Court construes the allegations in the Amended Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is currently confined at Kintock 3 Treatment Facility in Newark, New Jersey. (ECF No. 9 at 1.) Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against (1) the State of New Jersey, (2) Essex County, (3) Essex County Correctional Facility ("ECCF"), (4) New Jersey Department of Corrections ("NJDOC"), (5) John/Jane Doe Records Officer, (6) John/Jane Doe Classification Officer, and (7) the Warden of Essex County Correctional Facility ("Warden"). (*Id.*)

In the Amended Complaint, Plaintiff alleges he was first arrested on October 5, 2023, and detained at ECCF. (*Id.* at 4.) There, he worked from December 22, 2023, until his release pending sentencing on March 17, 2025, earning compensation of $21.00 per week and "sentence-reducing work credits." (*Id.* at 4, 19.) On June 30, 2025, Plaintiff was sentenced for the crime for which he was arrested on October 5, 2023. (*Id.* at 4.) He was re-incarcerated pursuant to that sentence on September 30, 2025. (*Id.*) Upon this reincarceration, Plaintiff was assigned a new booking number and the credits earned during his initial stay were not merged with or applied to his new number. As a result, Plaintiff states he was incarcerated three to four months beyond his lawful incarceration date. (*Id.* at 5.)

Plaintiff alleges this error was due to the John/Jane Doe Classification Officer failing to ensure record continuity and the Warden failing to supervise staff and correct known systemic

errors. He alleges Defendants acted with deliberate indifference and deprived him of liberty without due process in violation of the Fourteenth Amendment (Count I), a supervisory liability claim against the Warden (Count II), a false imprisonment claim against all Defendants (Count III), and a negligence claim against all Defendants (Count IV). (*Id.* at 5–6.)

Plaintiff seeks monetary relief. (*Id.* at 6.)

## II. LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir.

2013) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**A. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

**A. Eleventh Amendment Immunity**

Plaintiff seeks to bring claims against the State of New Jersey and its Department of Corrections, NJDOC. Absent a clear waiver by a state of its Eleventh Amendment immunity or a congressional abrogation of that immunity, a federal court lacks jurisdiction to hear claims brought by a private individual against that state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Allen v. N.J. State Police*, 974 F.3d 497, 504 (3d Cir. 2020). The protection extends to "states and their agencies and departments" and applies "regardless of the nature of the

relief sought." *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam) (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100).

New Jersey has not waived immunity for § 1983 or state law claims in federal court. *See Ohan v. Essex Cnty. Sheriff's Off.*, No. 09-1977, 2010 WL 11693192, at *2 (D.N.J. Feb. 17, 2010) ("New Jersey has never waived its sovereign immunity in federal courts."); *see also Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836–37 (3d Cir. 2009) (holding sovereign immunity applies to § 1983 and New Jersey Tort Claims Act claims). Plaintiff's claims against the State of New Jersey and NJDOC, as a state agency, are therefore barred by the Eleventh Amendment. *See Georges v. Godby*, No. 24-1884, 2025 WL 892557, at *2 (3d Cir. Mar. 24, 2025) (applying sovereign immunity to NJDOC as a state agency and dismissing § 1983 claims); *Johnson v. Duncan*, 719 F. App'x 144 (3d Cir. 2017) (dismissing § 1983 and false imprisonment claims against defendants determined to be agents of the State of New Jersey).

Moreover, the State of New Jersey and NJDOC are not "persons" subject to liability under § 1983. *See Endl v. New Jersey*, 5 F. Supp. 3d 689, 697–98, 698 n.6 (D.N.J. 2014) (finding that the State of New Jersey, the DOC, and named DOC officers in their official capacity are not "persons" subject to suit under § 1983). Therefore, even if they were not immune under the Eleventh Amendment, they would not be subject to liability under § 1983.

Accordingly, all claims against the State of New Jersey and NJDOC are dismissed with prejudice for lack of jurisdiction.

**B. Failure to State a Section 1983 Claim**

Although Plaintiff has alleged Fourteenth Amendment deprivation of liberty claims, the Court of Appeals for the Third Circuit "has always analyzed over-detention claims under the Eighth Amendment, unlike some other courts," when cases are brought by convicted and sentenced

inmates. *Wharton v. Danberg*, 854 F.3d 234, 246–47 (3d Cir. 2017). Over-detention claims require a plaintiff to show:

> (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention.

*Id.* at 241 (quoting *Montanez v. Thompson*, 603 F.3d 243, 252 (3d Cir. 2010)). As such, the Court construes Plaintiff's § 1983 claims as arising under the Eighth Amendment.

To the extent Plaintiff may be able to make out an independent Fourteenth Amendment claim not covered by the Eighth Amendment,[2] the Third Circuit has held detention beyond one's term may give rise to a claim for deprivation of liberty without due process under the Fourteenth Amendment if a policymaking official "established or enforced policies and practices directly causing the constitutional violation." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) (citing *Sample v. Diecks*, 885 F.2d 1099, 1114 (3d Cir. 1989)). Applying the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), to determine what process is due to a prisoner facing detention beyond his term, the Court of Appeals held, "procedural due process requires that an inmate with a challenge to the calculation of his release date promptly be listened to by someone having authority to decide the challenge or pass it on for further review and decision." *Sample*, 885 F.2d at 1115.

---

[2] "The protections of the Eighth Amendment and Due Process Clauses are sometimes, but not always, the same." *Wharton*, 854 F.3d at 247. "If a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 261 (3d Cir. 2010). Because the claims are dismissed here irrespective of the relevant provision, the Court need not conclude whether a Fourteenth Amendment claim may be available.

**1. ECCF is Not a Proper Defendant**

Plaintiff seeks to name ECCF as a Defendant in this matter. (ECF No. 9 at 1.) However, like a state or NJDOC, a county correctional facility is not a "person" subject to § 1983 liability. *See Grossy v. Essex Cnty. Corr. Facility*, No. 16-4849, 2017 WL 214076, at *2 (D.N.J. Jan. 17, 2017); *Owens v. Armstrong*, 171 F. Supp. 3d 316, 337 (D.N.J. 2016). Because Plaintiff cannot seek relief pursuant to § 1983 against ECCF, Plaintiff's § 1983 claims against ECCF must be dismissed with prejudice for failure to state a claim.

**2. Claims Are Improperly Raised Under § 1983**

The foundation of Plaintiff's claims is the assertion he was unlawfully detained beyond his release date due to a failure to apply work credits earned pre-sentencing. (*See* ECF No. 9 at 4–5.) However, in *Heck v. Humphrey*, the Supreme Court held that a state prisoner's § 1983 suit for damages must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 486–87 (1994). "Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. Here, Plaintiff challenges the application of credits that affect the duration of his confinement and does not suggest that the duration of his sentence was previously invalidated or impugned via a habeas proceeding. (*See* ECF No. 9 at 4–5.) Therefore, Plaintiff's claims are not cognizable under § 1983. *See Brown v. Governor of New Jersey*, 432 F. App'x 45, 46 (3d Cir. 2011) (per curiam) (explaining a state prisoner's challenge to the credits applied to his sentence is properly brought in a habeas petition under 28 U.S.C. § 2254).

Courts have recognized limited circumstances in which a plaintiff may pursue a § 1983 claim alleging the erroneous calculation or application of credits, including where the plaintiff alleges detention beyond the maximum sentence imposed while accepting that the maximum sentence is correct, *see Herrera v. Agents of Pa. Bd. of Prob. & Parole*, 132 F.4th 248, 256–57 (3d Cir. 2025), or when credits would have affected only a parole eligibility date, thereby not necessarily implying invalidity of the length of confinement, *see Ruiz v. N.J. Dep't of Corr.*, No. 15-3304, 2020 WL 1130210, at *3 (D.N.J. Mar. 9, 2020). However, as Plaintiff has not provided facts permitting an inference of either of these scenarios, his remaining § 1983 claims are dismissed without prejudice for failure to state a claim.

**3. Failure to State a Claim Against Essex County**

Even if § 1983 was the proper vehicle for his over-detention claims, a local government entity cannot be liable under § 1983 without a showing that the entity's "choices were the 'moving force' behind the constitutional violation." *Hightower v. City of Philadelphia*, 130 F.4th 352, 356 (3d Cir. 2025) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To demonstrate the entity was a "moving force," Plaintiff must allege Essex County (1) had an "unconstitutional policy or custom" that led to his injuries; or (2) his injuries were caused by a "failure or inadequacy" by the County that "reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (cleaned up). A county "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (holding a municipality cannot be held liable solely because an employee violated a plaintiff's constitutional rights).

Plaintiff alleges only that Essex County "operates Essex County Correction Facility" and that defendants "knew or should have known of the sentencing error" but "failed to act." (ECF No. 9 at 4–5.) These bare and conclusory statements fail to identify an offending policy or specific

"failure or inadequacy" by Essex County. *See Twombly*, 550 U.S. at 555 (holding surviving Rule 12(b)(6) "requires more than labels and conclusions" or "a formulaic recitation of the elements"). Plaintiff's allegations against Essex County fail to state a § 1983 claim.

**4. Failure to State a Claim Against the Warden**

Plaintiff's § 1983 claims against the Warden similarly fail to state a claim. Plaintiff alleges the Warden "failed to supervise staff and correct known systemic errors" and "failed to properly train and supervise staff," "[p]olices and practices allowed record errors to persist," and these failures caused Plaintiff's over-detention. (ECF No. 9 at 5.) While vicarious liability is not available in a § 1983 action, *see Iqbal*, 556 U.S. at 676, supervisors may be held liable for § 1983 claims where they either, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [a] constitutional harm," or "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004); *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015). "A warden . . . although he may have ultimate responsibility for seeing that prisoners are released when their sentences are served, does not exhibit deliberate indifference by failing to address a sentence calculation problem brought to his attention when there are procedures in place calling for others to pursue the matter." *Sample*, 885 F.2d at 1110. However, "if a prison official knows that, given his or her job . . . a sentence calculation problem will not likely be resolved unless he or she addresses it or refers it to others," it is far more likely that the official acted with deliberate indifference. *Id.*

As with Essex County, Plaintiff has failed to allege facts demonstrating a specific policy or practice established by the Warden, the Warden's personal involvement or direction of others

in the violation of Plaintiff's rights, or that the problem was unlikely to be resolved sans the Warden's intervention. Plaintiff therefore has failed to state a § 1983 claim against the Warden. *See Twombly*, 550 U.S. at 555.

**C. State Law Claims**

Plaintiff also brings claims for false imprisonment and negligence, which the Court construes as claims under New Jersey state law. (ECF No. 9 at 6.) The Court may "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[The Third Circuit] has recognized that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added)). Accordingly, having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, which are dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED** in its entirety. Plaintiff's claims against the State of New Jersey and NJDOC and his § 1983 claims against ECCF are **dismissed with prejudice**, and all other claims are **dismissed without prejudice**. Plaintiff shall have thirty (30) days from the date of the accompanying Order to file a second amended complaint limited to curing the deficiencies discussed in this Opinion. An appropriate Order follows.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 24, 2026